IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:06-CR-026-JAG

TERRELL ANTHONY HARGROVE,

*Defendant.*

## MEMORANDUM OPINION

Terrell Anthony Hargrove, a federal prisoner proceeding *pro se*, filed a "Motion to correct errors affecting sentence and judgment in accordance with 18 U.S.C. § 3582(c) and pursuant to Rule 32 Fed. Rule Crim. Procedure," on February 3, 2014 ("Motion to Correct Errors," ECF No. 36.) Hargrove suggests that the Court made "a series of errors with the reduction of the imposition of sentencing" during his initial sentencing on July 11, 2006, and again on June 16, 2008 and January 1, 2012,[1] occasions on which the Court granted Hargrove's 18 U.S.C. § 3582 motions and reduced his sentence. (Mot. Correct Errors 2–3.) Specifically, Hargrove challenges the criminal history calculation in his Presentence Report, filed at his sentencing. (Mot. Correct Errors 4–8.) Hargrove fails to identify any portion of either 18 U.S.C. § 3582(c) or Federal Rule of Civil Procedure 32 that would authorize a reduction in or alteration of his sentence at this time.

Once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). To the extent Hargrove

---

[1] Hargrove refers to a 2010 grant of a § 3582 motion. The Court's docket indicates that the Court granted Hargrove's second § 3582 motion on January 1, 2012. (ECF No. 35.)

wishes to file another motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))). Defendants proceeding under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011).

Moreover, to the extent that Hargrove seeks reconsideration of one of the Court's Orders granting his § 3582 motions, "§ 3582(c) forbids a district court from ruling on a motion to reconsider a § 3582(c)(2) sentence reduction order." *Mann*, 435 F. App'x at 255.

Hargrove also fails to demonstrate how Federal Rule of Criminal Procedure 32 authorizes a sentencing reduction. Rule 32 governs the procedure for sentencing, not a resentencing or the alteration of a sentence already imposed.

At this late date, the Court has very limited jurisdiction to alter or correct a criminal conviction or sentence. A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citing *Cox v. Warden*, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). If Hargrove wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255, he must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Blackstock*, 513 F.3d 128, 132-33 (4th Cir. 2008) (explaining that the district court must advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under

penalty of perjury. *See* Rule 2(b), Rules Governing § 2255 Proceedings for the U.S. District Courts. The Court will process a request for relief under 28 U.S.C. § 2255 upon Hargrove's submission of the properly completed forms seeking such relief.

Because Hargrove fails to identify any procedural vehicle which authorizes the action he seeks, his Motion to Correct Errors (ECF No. 36) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: February 14 2014
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

3